**FILED**
U. S. DISTRICT COURT
Eastern District of Texas

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

DEC 0 6 2004

DAVID MALAND, CLERK
By
Deputy

| | |
|---|---|
| (1) HARRIS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>(1) NEC CORPORATION, (2) NEC AMERICA, INC., (3) NEC INFRONTIA, INC., (4) NEC UNIFIED SOLUTIONS, INC., and (5) NELMS COMMUNICATIONS, INC.<br><br>Defendants. | Case No. **2-04CV-431** TJW<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Harris Corporation ("Harris"), for its Complaint against Defendants, NEC Corporation, NEC America, Inc., NEC Infrontia, Inc., NEC Unified Solutions, Inc., and Nelms Communications, Inc., alleges:

**PARTIES**

1.     Plaintiff, Harris Corporation, is a corporation duly organized and existing under the laws of Delaware, having a principal place of business at 1025 West NASA Boulevard, Melbourne, Florida.

2.     Defendant, NEC Corporation, is a corporation duly organized and existing under the laws of Japan, with a principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo, Japan 108-8001.

3.     Defendant, NEC America, Inc. is a corporation duly organized and existing under the laws of New York and maintains a place of business at 6555 N. State Highway 161, Irving, Texas 75039.

4.   Defendant, NEC Infrontia, Inc is a corporation duly organized and existing under the laws of Japan, with a principal place of business at 2-3, Kanda Tsukasa-cho, Chiyoda-Ku, Tokyo, Japan 101-8532 and maintains a place of business at 6535 N. State Highway, Irving, Texas 75039.

5.   Defendant, NEC Unified Solutions, Inc. is a corporation duly organized and existing under the laws of Nevada and maintains a place of business at 6535 N. State Highway 161, Irving, Texas 75039.

6.   Defendant, Nelms Communications, Inc is a corporation duly organized and existing under the laws of Texas and maintains a place of business at 3450 Shiloh Road, Tyler, Texas 75707.

## JURISDICTION

7.   This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.   The Court has personal jurisdiction over Defendants in that Defendants have established minimum contacts with the forum. Defendants are doing business in the United States, including this judicial district, by selling and/or offering to sell their products directly or through other intermediaries in this judicial district and throughout the United States.

## VENUE

9.   Defendants do business in this district, including providing electronic consumer products which are used, offered for sale, sold, and have been purchased in Texas, including in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).

## FACTUAL ALLEGATIONS

10.   United States Patent No. 6,707,904 ("the '904 patent"), entitled *Method and System for Collecting Reports for Call Center Monitoring By Supervisor,* was duly and lawfully

issued on March 16, 2004. Harris is the current owner of all rights, title, and interest in the '904 patent. A true and correct copy of the '904 patent is attached hereto as Exhibit A.

11.     United States Patent No. 6,307,925 ("the '925 patent"), entitled *Use of Wizards/Experts in a PBX Environment,* was duly and lawfully issued on October 23, 2001. Harris is the current owner of all rights, title, and interest in the '925 patent. A true and correct copy of the '925 patent is attached hereto as Exhibit B.

12.     United States Patent No. 5,583,856 ("the '856 patent"), entitled *Integrated Network Switch with Large Capacity Switch Architecture Using Selectable Interfaces Between Peripherals And Switch Memories,* was duly and lawfully issued on December 10, 1996. Harris is the current owner of all rights, title, and interest in the '856 patent. A true and correct copy of the '856 patent is attached hereto as Exhibit C.

13.     United States Patent No. 5,999,946 ("the '946 patent"), entitled *Databases in Telecommunications,* was duly and lawfully issued on December 7, 1999. Harris is the current owner of all rights, title, and interest in the '946 patent. A true and correct copy of the '946 patent is attached hereto as Exhibit D.

14.     United States Patent No. 6,091,765 ("the '765 patent"), entitled *Reconfigurable Radio System Architecture,* was duly and lawfully issued on July 18, 2000. Harris is the current owner of all rights, title, and interest in the '765 patent. A true and correct copy of the '765 patent is attached hereto as Exhibit E.

15.     United States Patent No. 5,790,648 ("the '648 patent"), entitled *Dynamically Negotiated Application Program Interface Method,* was duly and lawfully issued on August 4, 1998. Harris is the current owner of all rights, title, and interest in the '648 patent. A true and correct copy of the '648 patent is attached hereto as Exhibit F.

16.     United States Patent No. 4,881,245 ("the '245 patent"), entitled *Improved Signalling Method and Apparatus,* was duly and lawfully issued on November 14, 1989. Harris is the current owner of all rights, title, and interest in the '245 patent. A true and correct copy of the '245 patent is attached hereto as Exhibit G.

17.     United States Patent No. 5,473,499 ("the '499 patent"), entitled *Hot Pluggable Motherboard Bus Connection Method,* was duly and lawfully issued on December 5, 1995. Harris is the current owner of all rights, title, and interest in the '499 patent. A true and correct copy of the '499 patent is attached hereto as Exhibit H.

**FIRST CAUSE OF ACTION**

**(Infringement of the '904 Patent)**

18.     Harris incorporates by reference the allegations set forth in Paragraphs 1-17 of this Complaint as though fully set forth herein.

19.     Upon information and belief, Defendants have infringed and continue to infringe the '904 patent by making, using, selling, and/or offering to sell in the United States their products, including, but not limited to, telephone switching and call routing devices which embody, or when used, practice one or more claims of the '904 patent, and by otherwise contributing to infringement and inducing others to infringe the '904 patent. Accordingly, Defendants are liable for infringement of the '904 patent pursuant to 35 U.S.C. § 271.

20.     Upon information and belief, Defendants will continue to infringe the '904 patent, continuing to damage Harris' business and causing irreparable harm unless enjoined by this Court.

21.     Defendants' acts of infringement have caused damage to Harris, and Harris is entitled to recover from Defendants the damages sustained by Harris as a result of Defendants' wrongful acts in an amount subject to proof at trial.

22.     Upon information and belief, Defendants' infringement of the '904 patent is willful and deliberate, entitling Harris to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

### (Infringement of the '925 Patent)

23.     Harris incorporates by reference the allegations set forth in Paragraphs 1-22 of this Complaint as though fully set forth herein.

24.     Upon information and belief, Defendants have infringed and continue to infringe the '925 patent by making, using, selling and/or offering to sell in the United States their products, including, but not limited to, telephone switching and call routing devices which embody, or when used, practice one or more claims of the '925 patent, and by otherwise contributing to infringement and inducing others to infringe the '925 patent. Accordingly, Defendants are liable for infringement of the '925 patent pursuant to 35 U.S.C. § 271.

25.     Upon information and belief, Defendants will continue to infringe the '925 patent, continuing to damage Harris' business and causing irreparable harm unless enjoined by this Court.

26.     Defendants' acts of infringement have caused damage to Harris, and Harris is entitled to recover from Defendants the damages sustained by Harris as a result of Defendants' wrongful acts in an amount subject to proof at trial.

27.     Upon information and belief, Defendants' infringement of the '925 patent is willful and deliberate, entitling Harris to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## THIRD CAUSE OF ACTION

### (Infringement of the '856 Patent)

28.     Harris incorporates by reference the allegations set forth in Paragraphs 1-27 of this Complaint as though fully set forth herein.

29.     Upon information and belief, Defendants have infringed and continue to infringe the '856 patent by making, using, selling and/or offering to sell in the United States

5

their products, including, but not limited to, telephone switching and call routing devices which embody, or when used, practice one or more claims of the '856 patent, and by otherwise contributing to infringement and inducing others to infringe the '856 patent. Accordingly, Defendants are liable for infringement of the '856 patent pursuant to 35 U.S.C. § 271.

30.     Upon information and belief, Defendants will continue to infringe the '856 patent, continuing to damage Harris's business and causing irreparable harm unless enjoined by this Court.

31.     Upon information and belief, Defendants' infringement of the '856 patent is willful and deliberate, entitling Harris to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## FOURTH CAUSE OF ACTION

### (Infringement of the '946 Patent)

32.     Harris incorporates by reference the allegations set forth in Paragraphs 1-31 of this Complaint as though fully set forth herein.

33.     Upon information and belief, Defendants have infringed and continue to infringe the '946 patent by making, using, selling and/or offering to sell in the United States their products, including, but not limited to, telephone switching and call routing devices which embody, or when used, practice one or more claims of the '946 patent, and by otherwise contributing to infringement and inducing others to infringe the '946 patent. Accordingly, Defendants are liable for infringement of the '946 patent pursuant to 35 U.S.C. § 271.

34.     Upon information and belief, Defendants will continue to infringe the '946 patent, continuing to damage Harris' business and causing irreparable harm unless enjoined by this Court.

35      Upon information and belief, Defendants' infringement of the '946 patent is willful and deliberate, entitling Harris to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### FIFTH CAUSE OF ACTION

### (Infringement of the '765 Patent)

36.     Harris incorporates by reference the allegations set forth in Paragraphs 1-35 of this Complaint as though fully set forth herein.

37.     Upon information and belief, Defendants have infringed and continue to infringe the '765 patent by making, using, selling and/or offering to sell in the United States their products, including, but not limited to, wireless PBX and wireless tablet PCs which embody, or when used, practice one or more claims of the '765 patent, and by otherwise contributing to infringement and inducing others to infringe the '765 patent. Accordingly, Defendants are liable for infringement of the '765 patent pursuant to 35 U.S.C. § 271.

38.     Upon information and belief, Defendants will continue to infringe the '765 patent, continuing to damage Harris's business and causing irreparable harm unless enjoined by this Court.

39.     Upon information and belief, Defendants' infringement of the '765 patent is willful and deliberate, entitling Harris to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### SIXTH CAUSE OF ACTION

### (Infringement of the '648 Patent)

40.     Harris incorporates by reference the allegations set forth in Paragraphs 1-39 of this Complaint as though fully set forth herein.

41.     Upon information and belief, Defendants have infringed and continue to infringe the '648 patent by making, using, selling and/or offering to sell in the United States their products, including, but not limited to, telephone switching and call routing devices

which embody, or when used, practice one or more claims of the '648 patent, and by otherwise contributing to infringement and inducing others to infringe the '648 patent. Accordingly, Defendants are liable for infringement of the '648 patent pursuant to 35 U.S.C. § 271.

42.    Upon information and belief, Defendants will continue to infringe the '648 patent, continuing to damage Harris' business and causing irreparable harm unless enjoined by this Court.

43.    Upon information and belief, Defendants' infringement of the '648 patent is willful and deliberate, entitling Harris to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### SEVENTH CAUSE OF ACTION
### (Infringement of the '245 Patent)

44.    Harris incorporates by reference the allegations set forth in Paragraphs 1-43 of this Complaint as though fully set forth herein.

45.    Upon information and belief, Defendants have infringed and continue to infringe the '245 patent by making, using, selling and/or offering to sell in the United States their products, including, but not limited to, wireless PBX and wireless tablet PCs which embody, or when used, practice one or more claims of the '245 patent, and by otherwise contributing to infringement and inducing others to infringe the '245 patent. Accordingly, Defendants are liable for infringement of the '245 patent pursuant to 35 U.S.C. § 271.

46.    Upon information and belief, Defendants will continue to infringe the '245 patent, continuing to damage Harris' business and causing irreparable harm unless enjoined by this Court.

47.    Upon information and belief, Defendants' infringement of the '245 patent is willful and deliberate, entitling Harris to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

DM_US\8077940.v1

## EIGHTH CAUSE OF ACTION

### (Infringement of the '499 Patent)

48.     Harris incorporates by reference the allegations set forth in Paragraphs 1-47 of this Complaint as though fully set forth herein.

49.     Upon information and belief, Defendants have infringed and continue to infringe the '499 patent by making, using, selling and/or offering to sell in the United States their products, including, but not limited to, telephone switching and call routing devices which embody, or when used, practice one or more claims of the '499 patent. Accordingly, Defendants are liable for infringement of the '499 patent pursuant to 35 U.S.C. § 271.

50.     Upon information and belief, Defendants will continue to infringe the '499 patent, continuing to damage Harris' business and causing irreparable harm unless enjoined by this Court.

51.     Upon information and belief, Defendants' infringement of the '499 patent is willful and deliberate, entitling Harris to increased damages under 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, Harris prays for judgment and seeks relief against Defendants as follows:

(a)     For judgment that the '904 patent, the '925 patent, the '856 patent, the '946 patent, the '765 patent, the '648 patent, the '245 patent, and the '499 patent have been and/or continue to be infringed by Defendants;

(b)     For an accounting of all damages sustained by Harris as the result of Defendants' acts of infringement, such damages in no event to be less than a reasonable royalty;

(c)     For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by Defendants, their officers, agents, servants, employees, subsidiaries, successors, assigns, and all other persons acting in concert or participation with Defendants, including related individuals and entities, customers, representatives, dealers, distributors, and importers;

(d)     For actual damages together with prejudgment interest;

9

(e)     For treble damages pursuant to 35 U.S.C. § 284;

(f)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise

permitted by law;

(g)     For all costs of suit; and

(h)     For such other and further relief as the Court may deem just and proper.

DATED: December 6th, 2004             Respectfully Submitted,


By: _Henry C. Bunsow by SCC_
     Henry C. Bunsow - Attorney-In-Charge
     California State Bar No. 60707
     K. T. Cherian
     California State Bar No. 133967
     Peter J. Chassman
     Texas State Bar No. 00787344
     HOWREY SIMON ARNOLD & WHITE, LLP
     525 Market Street, Suite 3600
     San Francisco, California 94105
     Telephone: (415) 848-4900
     Facsimile: (415) 848-4999
     E-Mail: bunsowh@howrey.com
     E-Mail: cheriank@howrey.com
     E-Mail: chassmanp@howrey.com

     Otis W. Carroll
     Texas State Bar No. 03895700
     IRELAND CARROLL & KELLEY, P.C.
     6101 South Broadway, Suite 500
     P.O. Box 7879
     Tyler, TX 75711
     Telephone: (903) 561-1600
     Facsimile: (903) 581-1071
     E-Mail: nancy@icklaw.com

     Franklin Jones, Jr.
     State Bar No. 00000055
     Jones & Jones, Inc., P.C.
     201 W. Houston Street (75670)
     P.O. Drawer 1249
     Marshall, Texas 75671-1249
     Telephone: (903) 938-4395

Facsimile:  (903) 938-3360
E-mail:  maizieh@millerfirm.com

S. Calvin Capshaw
Texas State Bar No. 03783900
BROWN MCCARROLL, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75606-3999
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@mailbmc.com

Brett C. Govett
Texas State Bar No. 08235900
FULBRIGHT & JAWORSKI
2200 Ross Avenue
Suite 2800 Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
E-Mail: bgovett@fulbright.com

Attorneys for Plaintiff Harris Corporation